WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeffrey Alan Taylor,<br><br>               Plaintiff,<br><br>vs.<br><br>Beth Anne Alexander, et al.,<br><br>               Defendants. | No.  CV 13-0983-PHX-RCB (JFM)<br><br>**O R D E R** |

On May 9, 2013, Plaintiff Jeffrey Alan Taylor, who is confined in the Fourth Avenue Jail in Phoenix, Arizona, filed an unsigned *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an incomplete Application to Proceed *In Forma Pauperis*. In an Order dated July 25, 2013, the Court denied the deficient Application to Proceed and gave Plaintiff 30 days to pay the filing and administrative fees or file a complete Application to Proceed *In Forma Pauperis* **and** to submit a completed and signed Certificate certifying that Plaintiff's signature on the Certificate shall serve as an original signature on his Complaint.

On August 21, 2013, Plaintiff filed a document, which the Court docketed as a Motion (Doc. 5), requesting that the Court, among other things, issue an order to "have *In Forma Pauperis* form(s) tendered by the Inmate "Trust" Account personnel *<u>Only</u>* . . . and not by or interferences by I.L.S. Staff/Personnel, without any form of retaliations." On August 26, 2013, Plaintiff filed an incomplete Application to Proceed *In Forma Pauperis* (Doc. 7) and a signed certificate certifying that Plaintiff's signature on the

Certificate serves as an original signature on his Complaint. The Court will deny the Motion and the deficient Application to Proceed and will dismiss the Complaint and this action for failing to state a claim.

**I.  Payment of Filing Fee**

When bringing an action, a prisoner must either pay the $350.00 filing fee and a $50.00 administrative fee in a lump sum or, if granted the privilege of proceeding *in forma pauperis*, pay the $350.00 filing fee[1] incrementally as set forth in 28 U.S.C. § 1915(b)(1). An application to proceed *in forma pauperis* requires an affidavit of indigence and a *certified* copy of the inmate's trust account statement for the six months preceding the filing of the Complaint. 28 U.S.C. § 1915(a)(2). An inmate must submit statements from each institution where the inmate was confined during the six-month period. *Id.* To assist prisoners in meeting these requirements, the Court requires use of a form application. LRCiv 3.4.

If a prisoner is granted leave to proceed *in forma pauperis*, the Court will assess an initial partial filing fee of 20% of either the average monthly deposits or the average monthly balance in Plaintiff's account, whichever is greater. 28 U.S.C. § 1915(b)(1). An initial partial filing fee will only be collected when funds exist. 28 U.S.C. § 1915(b)(4). The balance of the $ 350.00 filing fee will be collected in monthly payments of 20% of the preceding month's income credited to an inmate's account, each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2).

**II.  Application Fails to Comply With Statute**

Plaintiff has used the court-approved form and submitted a trust account statement, but the "Certificate of Correctional Official as to Status of Applicant's Trust

---

[1] Effective May 1, 2013, the Clerks of Court for the United States District Courts are required to collect a $50.00 administrative fee for the filing of a civil action, suit, or proceeding in a district court. *See* Judicial Conference Schedule of Fees, District Court Miscellaneous Fee Schedule ¶14 (effective May 1, 2013), foll. 28 U.S.C. § 1914. However, the administrative fee "does not apply to applications for a writ of habeas corpus or to persons granted *in forma pauperis* status under 28 U.S.C. § 1915." *Id.*

Account" section is not completed.  In light of this deficiency, the Court will deny the Application to Proceed.

**III.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less

stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies). Plaintiff's Complaint will be dismissed for failure to state a claim, without leave to amend, because the defects cannot be corrected.

**IV. Complaint**

Plaintiff's two-count Complaint alleges violations of the Fifth, Sixth, Eighth and Fourteenth Amendments. He sues public defender Beth Anne Alexander and Maricopa County prosecutor Margaret (Peggy) Wu. Plaintiff seeks release from jail, dismissal of the indictment against him, expungement of his record, and compensatory and punitive damages.

In Count I, Plaintiff alleges that his former public defender, Alexander, failed to provide him with copies of statutes related to a September 4, 2012 indictment against him, urged him to plead guilty to six felony charges, failed to file any motions on his behalf, failed to adequately review the indictment against him, and conspired with the prosecutor to convict him.

In Count II, Plaintiff alleges that Wu used "dissembling means" to obtain an indictment against him, is using "fall[a]cious and dissembling police and unconfirmed medical reports" to prosecute him, and is conspiring with Alexander against him.

**V. Failure to State a Claim**

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of

state law and (2) the conduct deprived him of a federal constitutional or statutory right. *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989). A plaintiff must also allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

### A. Defendant Alexander

A prerequisite for any relief under § 1983 is allegations to support that a defendant acted under the color of state law. The "under color of state law" component is the equivalent of the "state action" requirement under the Constitution. *Lugar v. Edmondson Oil Co, Inc.*, 457 U.S. 922, 928 (1982); *Jensen v. Lane County*, 222 F.3d 570, 574 (9th Cir. 2000) (citing *West v. Atkins*, 487 U.S. 42, 49 (1988); *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982)). "Acting under color of state law is 'a jurisdictional requisite for a § 1983 action.'" *Gritchen v. Collier*, 254 F.3d 807, 812 (9th Cir. 2001) (quoting *West*, 487 U.S. at 46). Whether an attorney representing a criminal defendant is privately retained, a public defender, or court-appointed counsel, he or she does not act under color of state law. *See Polk County v. Dodson*, 454 U.S. 312, 317-18 (1981); *Miranda v. Clark County, Nevada*, 319 F.3d 465, 468 (9th Cir. 2003) (*en banc*). For this reason, Plaintiff fails to state a claim against Alexander and she and Count I will be dismissed.

### B. Defendant Wu

Plaintiff sues Maricopa County prosecutor Wu for acts taken in prosecuting him. A prosecutor is absolutely immune from liability under § 1983 for conduct in "'initiating a prosecution and in presenting the State's case'" insofar as that conduct is "'intimately associated with the judicial phase of the criminal process.'" *Buckley v. Fitzsimmons*, 509 U.S. 259, 270 (1993) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Burns v. Reed*, 500 U.S. 478, 486 (1991); *Ashelman v. Pope*, 793 F.2d 1072, 1076 (9th Cir. 1986). That is, "[a] prosecutor is protected by absolute immunity from liability for damages under § 1983 'when performing the traditional functions of an advocate.'" *Genzler v. Longanbach*, 410 F.3d 630, 636 (9th Cir. 2005) (quoting *Kalina v. Fletcher*,

522 U.S. 118, 131 (1997)). Absolute immunity extends to a prosecutor "eliciting false or defamatory testimony from witnesses" or for making false or defamatory statements during, and related to judicial proceedings. *Buckley*, 509 U.S. at 270 (citations omitted). "However, 'the actions of a prosecutor are not absolutely immune merely because they are performed by a prosecutor.'" *Genzler*, 410 F.3d at 636 (quoting *Buckley*, 509 U.S. at 273). Rather, prosecutorial immunity depends on "'the nature of the function performed, not the identity of the actor who performed it.'" *Id.* (quoting *Kalina*, 522 U.S. at 127). A prosecutor is only entitled to qualified immunity, rather than absolute immunity, when she performs administrative or investigative functions. *Id.*

Plaintiff's allegations against Wu concern her prosecution of Plaintiff. Such conduct is intimately associated with the judicial phase of criminal proceedings against Plaintiff and is entitled to absolute immunity. As discussed herein, such allegations are not a basis for liability under § 1983. For this reason, Plaintiff fails to state a claim against Wu and she and Count II will be dismissed.

Because Plaintiff has failed to name a proper Defendant, his Complaint and this action will be dismissed.

### C.    Abstention

In his request for relief, Plaintiff seeks release from jail, dismissal of the indictment against him, and expungement of his record. The abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), prevents a federal court in most circumstances from directly interfering with ongoing criminal proceedings in state court. The *Younger* abstention doctrine also bars requests for declaratory and monetary relief for constitutional injuries arising out of a plaintiff's ongoing state criminal prosecution. *Mann v. Jett*, 781 F.2d 1448, 1449 (9th Cir. 1986). In addition, the *Younger* abstention doctrine applies while a case works its way through the state appellate process, if a prisoner is convicted. *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 369 (1989). Only in limited, extraordinary circumstances will the *Younger* doctrine not bar federal interference with ongoing (non-final) state criminal proceedings.

1  Such circumstances include when a prisoner alleges that he is being subjected to double
2  jeopardy. *See Mannes v. Gillespie*, 967 F.2d 1310, 1312 (9th Cir. 1992). Speedy trial
3  claims may also be reviewed *if* a detainee is seeking to compel the state to bring him to
4  trial, rather than seeking dismissal of the charges, and the detainee has exhausted all of
5  his state court remedies. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S.
6  484, 489-90 (1973); *see In re Justices of Superior Court Dep't of Mass. Trial Court*, 218
7  F.3d 11, 18 & n.5 (1st Cir. 2000). The failure to state a claim includes a claim to which
8  the abstention doctrine applies. *See Yahoo! Inc. v. La Ligue Contre Le Racisme et
9  L'Antisemitisme*, 433 F.3d 1199, 1224 (9th Cir. 2006); *Smith v. Central Ariz. Water
10 Conservation Dist.*, 418 F.3d 1028, 1030 (9th Cir. 2005).

11 Plaintiff does not allege that he has been charged or held in violation of the Double Jeopardy or Speedy Trial Clauses. Therefore, disruption by a federal court is not required. For the additional reason that Plaintiff fails to state a claim pursuant to the abstention doctrine, Plaintiff's claims and this action will be dismissed.

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 7) is **denied**.

(2) Plaintiff's Motion (Doc. 5) is **denied**.

(3) The Complaint (Doc. 1) is **dismissed** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), and the Clerk of Court must enter judgment accordingly.

. . . . (4) The docket shall reflect that the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this decision would not be taken in good faith.

DATED this 23rd day of October, 2013.

_____
Robert C. Broomfield
Senior United States District Judge

- 7 -